UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION



**FILED**
SEP 21 2017

| | |
|---|---|
| ROBERT A BLAZER,<br><br>        Plaintiff,<br><br>vs.<br><br>KEITH GALL, Corson County Sheriff; JOSH BOLL, Walworth County Sheriff; ALAN D. DALE, Deputy at Corson County, SD; JUSTIN TVEDT, Deputy at Corson County, SD; MIKE VARILEK, Deputy at Corson County, SD; KILEY FRANKLIN, Jailer/Guard at Walworth County Jail; KIMBERLY LONG KNIFE, Jailer/Guard at Walworth County Jail; JUSTIN UNKNOWN, Jailer/Guard at Walworth County Jail; MARRISSA UNKNOWN, Jailer/Guard at Walworth County Jail; HEATHER KROONJE, Jailer/Guard at Walworth County Jail; PATTY UNKNOWN, Jailer/Guard at Walworth County Jail; JERAMY JOHNSON, Jailer/Guard at Walworth County Jail; LANCE UNKNOWN, Jailer/Guard at Walworth County Jail; ERIC BOUGE, Corson County SD States Attorney; DEPUTY BENTZ, Deputy at Walworth County Jail; RON UNKNOWN, Jailer/Guard at Walworth County Jail; GLENN UNKNOWN, Jailer/Guard at Walworth County Jail; TAMMY UNKNOWN, Jailer/Guard at Walworth County Jail; and CINDY UNKNOWN, Jailer/Guard at Walworth County Jail;<br><br>        Defendants. | 1:16-CV-01046-CBK<br><br>ORDER |

    Plaintiff instituted this action pursuant to 42 U.S.C. § 1983 alleging deprivation of constitutional rights while he was a pretrial detainee. Plaintiff was allowed to proceed without the prepayment of fees and the U.S. Marshals Service was ordered to effect service.

    Many of the defendants alleged to have been employed by Walworth County are named by first name only. I indicated in my previous order directing service that the surnames of those defendants should be supplied to the plaintiff. Nonetheless, when counsel entered their

appearances on behalf of the Walworth County defendants, they specifically entered an appearance for those defendants by first name only. Likewise, their motion to dismiss and brief fail to set forth the surnames of those defendants.

The U.S. Marshals Service filed returns of service for all defendants. Defendants Justin Unknown, Patty Unknown, Lance Unknown, Glenn Unknown, and Cindy Unknown were all "personally" served, although the return of service shows only that some persons named Justin, Patty, Lance, Glenn, and Cindy were served. The U.S. Marshals Service did not indicate at all who exactly was served.

Defendants Jeremy Johnson, Marissa Unknown, Heather Kroonje, Ron Unknown, and Tammy Unknown were not served. The U.S. Marshals Service indicated on the return of service that those persons were no longer employed by Walworth County.

All defendants were named in their individual and official capacities. The Court deleted reference to capacity in the caption for brevity.

The Corson County and Walworth County defendants have moved to dismiss the official capacity claims for failure to state a claim that any official policy or custom was the moving force behind any claimed constitutional violations. The Corson County defendants further contend that dismissal is appropriate because plaintiff's claims do not support a finding of deliberate indifference, that plaintiff has failed to allege any claim against defendants Dale, Tvedt, Varilek, or Bogue, and that defendant Bogue is entitled to prosecutorial immunity if it is contended that any claims arise out of his prosecution of the plaintiff.

Plaintiff has moved to strike what he claims are motions for summary judgment, contending that defendants have failed to properly support such a motion. I reject that contention. Defendants filed motions to dismiss and briefs in support thereof as required by the Federal Rules of Civil Procedure and the Local Rules for the District of South Dakota.

Plaintiff contends that defendants have failed to timely file an answer and that defendants have waived certain defenses. No answer is due at this time since the Court has not yet ruled on the pre-answer motions to dismiss.

Plaintiff contends counsel of record for the defendants have acted in violation of the law and in violation of the code of ethics in filing and pursuing the motions to dismiss. I reject outright any such contention. Counsel for defendants have properly raised certain issues by pre-answer motion to dismiss as required by Fed. R. Civ. P. 12(b).

Plaintiff has filed motions for the appointment of counsel.

## DECISION

Pretrial detainee's conditions of confinement claims arise out of the Fourteenth Amendment's Due Process Clause. Walton v. Dawson, 752 F.3d 1109, 1117 (8th Cir. 2014) ("Although 'the Eighth Amendment has no application' until there has been a 'formal adjudication of guilt,' the Fourteenth Amendment gives state pretrial detainees—just as the Fifth Amendment gives federal pretrial detainees—rights which are 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'") (City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983)). "The Constitution affords greater protection to *quoting* a pretrial detainee compared to a convicted inmate in the sense that '[d]ue process requires that a pretrial detainee not be punished.'" Walton v. Dawson, 752 F.3d at 1117 (*quoting* Bell v. Wolfish, 441 U.S. 520, 535 n. 16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979)).

Under the Due Process Clause, a pretrial detainee may be subject to conditions and restrictions only to the extent such conditions do not amount to punishment. Bell v. Wolfish, 441 U.S. at 536, 99 S.Ct. at 1872-73. Under the Due Process Clause, prior to an adjudication of guilty a pretrial detainee cannot be punished "at all." Kingsley v. Hendrickson, ___ U.S. ___, ___, 135 S. Ct. 2466, 2475, 192 L. Ed. 2d 416 (2015).

> "[W]hen the State by the affirmative exercise of its power so restrains an individual's liberty that it renders him unable to care for himself, and at the same time fails to provide for his basic human needs—*e.g.*, food, clothing, shelter, medical care, and reasonable safety—it transgresses the substantive limits on state action set by the Eighth Amendment and the Due Process Clause." Pretrial detainees and convicted inmates, like all persons in custody, have the same right to these basic human needs. Thus, the same standard of care is appropriate.

Butler v. Fletcher, 465 F.3d 340, 344–45 (8th Cir. 2006) (*quoting* DeShaney v. Winnebago County Dept. of Soc. Serv., 489 U.S. 189, 200, 109 S.Ct. 998, 1005, 103 L.Ed.2d 249 (1989)). The Constitution requires that prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" Farmer v. Brennan, 511 U.S. 825, 832, 114 S. Ct. 1970, 1976, 128 L. Ed. 2d 811 (1994) (*quoting* Hudson v. Palmer, 468 U.S. 517, 526–527, 104 S.Ct. 3194, 3200, 82 L.Ed.2d 393 (1984)).

Plaintiff contends in his amended complaint that, while he was a pretrial detainee in the custody of Corson County and housed at the Walworth County Jail from October 1, 2015, to June 20, 2016, he was denied medications which had previously been prescribed by a physician for diabetes, high blood pressure, and mental health conditions. He contends that he developed nerve damage in his legs as a result of the denial of these medicines. Plaintiff further contends that the jail conditions were unsanitary. He contends that mold and insulation dust were present, that food was served without gloves, that spoiled food was served, and that he became sick as a result. He contends that, during transport to the Human Services Center for an evaluation, the driver, a county employee, drove at excessive rates of speed, endangering his life. He contends that he was subject to work being done on the steel bed frame in his cell without protective ear-wear and that, as a result, he suffers from tinnitus. He contends that he was housed with relatives of witnesses or the victim of his charged offense which compromised his safety. Finally, plaintiff contends that he was punished for complaining about the foregoing by placement in "the hole" or by having heat denied (to the point that the jailers wore jackets).

Although the Constitution "does not mandate comfortable prisons," pretrial detainees may not be denied "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 349, 101 S.Ct. 23,92, 2399, 2400, 69 L.Ed.2d 59 (1981). Conditions of confinement may violate the Constitution either alone or in combination when they deprive an "identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304, 111 S. Ct. 2321, 2327, 115 L. Ed. 2d 271 (1991).

"Prisoners and pretrial detainees are protected under the Constitution from a state actor's deliberate indifference towards the inmate's serious medical needs." Corwin v. City of Independence, Mo., 829 F.3d 695, 698 (8th Cir. 2016). The Eighth Circuit has discussed the difference between the Eighth Amendment protection from cruel and unusual punishment and the Fourteenth Amendment protection from punishment prior to adjudication of guilt but has consistently applied the deliberate indifference standard "to pretrial detainee claims that prison officials unconstitutionally ignored a serious medical need or failed to protect the detainee from a serious risk of harm." Butler v. Fletcher, 465 F.3d 340, 344 (8th Cir. 2006).

4

"An objectively serious medical need is one that either has been diagnosed by a physician as requiring treatment, or is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." McRaven v. Sander, 577 F.3d 974, 982 (8th Cir. 2009) (*quoting* Jones v. Minnesota Dept. of Corr., 512 F.3d 478, 481 (8th Cir. 2008)). "The constitutional obligation to provide medical care to those in custody may be violated when officials "intentionally deny or delay access to medical care or intentionally interfere with the treatment once prescribed." Dadd v. Anoka County, 827 F.3d 749, 755 (8th Cir. 2016) (*quoting* Estelle v. Gamble, 429 U.S. 97, 104–05, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). S*ee also,* Langford v. Norris, 614 F.3d 445, 460 (8th Cir. 2010) ("[D]elays in treating painful medical conditions, even if not life-threatening, may support an Eighth Amendment claim.").

The standard applied is the same as Eighth Amendment claims applicable to prison inmates. Ryan v. Armstrong, 850 F.3d 419, 425 (8th Cir. 2017). To state a claim for deliberate indifference, a pretrial detainee must show that he "'suffered from an objectively serious medical need' and that one or more defendants 'had actual knowledge of that need but deliberately disregarded it.'" *Id.*, (*citing* Bailey v. Feltmann, 810 F.3d 589, 593-94 (8th Cir. 2016)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (*citing* Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)).

> "[W]ell-pleaded facts, not legal theories or conclusions, determine [the] adequacy of [t]he complaint." Clemons v. Crawford, 585 F.3d 1119, 1124 (8th Cir.2009) (alterations in original) (*quoting* Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir.2003)). "The facts alleged in the complaint must be enough to raise a right to relief above the speculative level." *Id.* (*quoting* Drobnak v. Andersen Corp., 561 F.3d 778, 783 (8th Cir.2009)). "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679, 129 S.Ct. 1937. We may consider materials that necessarily are embraced by the pleadings or that are part of the public record and do not contradict the complaint. Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir.1999).

Mickelson v. County of Ramsey, 823 F.3d 918, 923 (8th Cir. 2016).

Pro se complaints are construed liberally. Stone v.Harry, 364 F.3d 912, 914 (8th Cir. 2004) (*citing* Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)). Plaintiff has stated sufficient facts against the defendants for violation of his Constitutional

5

rights. He claims that the Walworth County defendants told him his medical care was being denied because "Corson County would no longer pay" for it. He claims that each named Corson County and Walworth County sheriff, deputy, and jailer was made personally aware that he needed medical care and each defendant denied him access to such care. He claims that he suffered permanent injury as a result. He likewise sets forth in detail specific instances of the denial of sanitation, safe food, warmth, and safety. The motions to dismiss for failure to state a claim should be denied.

The United States Supreme Court set forth in <u>Kentucky v. Graham</u>, a tutorial explaining the difference between official capacity and individual capacity suits under 42 U.S.C. 1983.

> Personal-capacity suits seek to impose personal liability upon a government official for actions he takes under color of state law. Official-capacity suits, in contrast, "generally represent only another way of pleading an action against an entity of which an officer is an agent." As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. It is *not* a suit against the official personally, for the real party in interest is the entity. Thus, while an award of damages against an official in his personal capacity can be executed only against the official's personal assets, a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.
>
> On the merits, to establish *personal* liability in a § 1983 action, it is enough to show that the official, acting under color of state law, caused the deprivation of a federal right. More is required in an official-capacity action, however, for a governmental entity is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation; thus, in an official-capacity suit the entity's "policy or custom" must have played a part in the violation of federal law.

<u>Kentucky v. Graham</u>, 473 U.S. 159, 165–66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985).

Justice Sotomayor reiterated that difference in a recent decision.

> In an official-capacity claim, the relief sought is only nominally against the official and in fact is against the official's office and thus the sovereign itself. This is why, when officials sued in their official capacities leave office, their successors automatically assume their role in the litigation. The real party in interest is the government entity, not the named official. "Personal-capacity suits, on the other hand, seek to impose *individual* liability upon a government officer for actions taken under color of state law." "[O]fficers sued in their personal capacity come to court as individuals," and the real party in interest is the individual, not the sovereign.

6

Lewis v. Clarke, ___ U.S. ___, ___, 137 S. Ct. 1285, 1291, 197 L. Ed. 2d 631 (2017) (internal citations omitted).

Plaintiff claims in his pro se amended complaint that one of the claimed reasons for the denial of medical care was that "Corson County would no longer pay" for it. Reading the pro se amended complaint liberally, plaintiff has set forth a claim that Corson County had some policy or custom of refusing to pay for medical care for pretrial detainees held at the Walworth County jail and that Walworth County had some policy or custom of refusing to provide medical care for Corson County detainees housed in Walworth County unless Corson County paid for such care. The official capacity claims against the named officials adequately plead an action against the entities of which the individual officers are an agent as required by Graham v. Kentucky.

Plaintiff's amended complaint does not state how defendant Eric Bouge (sic), the Corson County States Attorney, violated any Constitutional right. Defendant Corson County States Attorney's motion to dismiss should be granted.

Now, therefore,

IT IS ORDERED:

1. Defendant Corson County States Attorney's motion, Doc. 23, to dismiss is granted.
2. The motion, Doc. 23, to dismiss by all other Corson County defendants is denied.
3. The motion, Doc. 27, to dismiss by the Walworth County defendants is denied.
4. The motion, Doc. 30, to strike by the plaintiff is denied.
5. The motions, Docs. 5, 10, 13, and 38, by the plaintiff to appoint counsel are granted.

DATED this 20th day of September, 2017.

BY THE COURT:

*Charles B. Kornmann*
CHARLES B. KORNMANN
United States District Judge

7